

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROBERT AIMETTI,

                                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY DISPIGNA, shield # 22790, POLICE
OFFICERS JOHN DOES 1-5,

                                                 Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

**CV 13-0584**

**Jury Trial Demanded**

BRODIE, J.

## PRELIMINARY STATEMENT

1.    Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on May 30, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by using unreasonable force on him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. During the morning of May 30, 2012, plaintiff was at a deli located at 4102 3rd Avenue in the Sunset Park section of Brooklyn purchasing breakfast.

11. Plaintiff had a dispute with the owner and an employee of the deli, the employee threw a ketchup bottle at plaintiff's head, and plaintiff called 911.

12. Police Officer Anthony DiSpigna and other officers responded to the location to investigate.

13. The defendant officers, acting in concert, searched plaintiff -- although plaintiff was the individual who had called 911 --and recovered a small pocketknife from his person.

14. The defendant officers arrested plaintiff and one of the officers, who is Asian, handcuffed plaintiff unreasonably tight.

15. Plaintiff complained to all of the defendant officers that the cuffs were too tight but the officers refused to loosen them. One of the officers told plaintiff to "shut the fuck up" and to stop talking that "guinea (Italian) shit."

16. The tight cuffs caused plaintiff to suffer a fracture to his right wrist (triquetral fracture), nerve damage and contusions.

17. Plaintiff was held for approximately one hour at the location of his arrest and was issued a summons for possessing a pocketknife.

18. After being released from custody, plaintiff went to the emergency room of Lutheran Medical Center where he was diagnosed with the aforesaid injuries.

19. Plaintiff obtained follow-up treatment for his wrist injuries including physical therapy.

20. On July 24, 2012, the charge filed against plaintiff was adjourned in contemplation of dismissal pursuant to N.Y.C.P. L. ₴ 170.55.

21. As of the date of this complaint, plaintiff still suffers experiences numbness and tingling to his wrist and has a limited range of motion.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, fear, anxiety and pain and physical injuries including a fracture to his right wrist (triquetral fracture), nerve damage and contusions.

## FIRST CLAIM

### (UNREASONABLE FORCE)

23. Plaintiff repeats the foregoing allegations.

24. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

25. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## SECOND CLAIM

### (FAILURE TO INTERVENE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants had a reasonable opportunity to prevent the violation of plaintiff's constitutional rights but they refused to intervene.

28. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for failing to intervene.

## THIRD CLAIM

### (ASSAULT)

29. Plaintiff repeats the foregoing allegations.

30. Defendants' use of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

31. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## FOURTH CLAIM

### (BATTERY)

32. Plaintiff repeats the foregoing allegations.

33. Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contacts which injured him.

34. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## FIFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

35. Plaintiff repeats the foregoing allegations.

36. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

37. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

5

DATED:     January 31, 2013

                                              RICHARD CARDINALE
                                              Attorney at Law
                                              26 Court Street, Suite # 1815
                                              Brooklyn, New York 11242
                                              (718) 624-9391
                                              richcardinale@gmail.com (not for service)

Case 1:13-cv-00584-MKB-JXA   Document 1   Filed 01/31/13   Page 7 of 7 PageID #: 7